| | | |
|---|---|---|
| JAVIER CONTRERAS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:17-329-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Javier Contreras is an inmate confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Contreras filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] For the reasons set forth below, the Court will deny Contreras's petition.

In 2009, Contreras was convicted of conspiracy to possess with the intent to distribute more than 50 kilograms of marijuana. *See United States v. Contreras*, No. 5:08-cr-257 (S.D. Tex. 2009). The United States District Court for the Southern District of Texas determined that Contreras was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. Therefore, Contreras's sentence was enhanced, and his advisory guidelines range was 262 to 327 months in prison. The trial court sentenced Contreras to 262 months in prison. Contreras then challenged his conviction on direct appeal, but the United States Court of Appeals for the Fifth Circuit affirmed that conviction. *See United States v. Contreras*, No. 09-40571 (5th Cir. 2010).

Over six years later, in August 2016, Contreras filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See United States v. Contreras*, No. 5:08-cr-

257 (S.D. Tex. 2016) at R. 120 – R. 129. Contreras argued, among other things, that in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior felony convictions were no longer valid predicate offenses to subject him to the career-offender enhancement under the sentencing guidelines. *See United States v. Contreras*, No. 5:08-cr-257 (S.D. Tex. 2016) at R. 129. The trial court, however, denied Contreras's motion as untimely and added that, even if his motion was timely, *Mathis* did not apply to Contreras's case "because it was decided after he was sentenced and was not made retroactive on collateral attack." *Id.* at R. 147, 151.

Contreras has now filed his § 2241 petition with this Court, and he restates his *Mathis*-related claim. Contreras's petition, however, constitutes an impermissible collateral attack on his sentence. That is because although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Contreras cannot use a § 2241 petition as a way of challenging his sentence.

Contreras nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591, 599 (6th Cir. 2016), to support his position. [R. 1-1 at 6.] It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Contreras in 2009, well after the Supreme Court decided *Booker*. Plus, Contreras has failed to identify a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions is not a predicate offense for purposes of the career-offender enhancement. While Contreras cites *Mathis*, the Sixth Circuit recently explained in a published decision that "*Mathis* was dictated by prior precedent (indeed two decades worth)," and, thus, it did not announce a new rule, let alone a retroactive one. *In re Conzelmann*, No. 17-3270, 2017 WL 4159184, *1 (6th Cir. September 20, 2017). Contreras's reliance on *Mathis* is therefore unavailing.

Accordingly, **IT IS ORDERED** that:

1. Contreras's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This the 13th day of December, 2017.

Gregory F. Van Tatenhove
United States District Judge